UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-298-RJC
(3:07-cr-144-RJC-1)

| | |
|---|---|
| ANDRE L. CORBETT, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on Petitioner's Motion to Supplement and Amend Motion to Vacate, (Doc. No. 5), and on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 6).

**I.  BACKGROUND**

From 2004 to 2005, Petitioner Andre Corbett participated in a series of seven robberies in Union, Mecklenburg, and Rowan Counties.[1] (Criminal Case No. 3:07-cr-144, Doc. No. 62 at 5-8: PSR). With the help of coconspirator Niles Belk, Petitioner canvassed and robbed a First Citizens Bank, a Sam's Mart, three Food Lions, and two Dollar General stores. (Id.). Witnesses

---

[1] Petitioner was not directly charged with the robbery that took place in Salisbury because it fell outside of the Western District of North Carolina; however, this robbery was included in the Hobbs Act conspiracy charge.

1

and surveillance videos revealed that Petitioner and Belk would enter a business, brandish a handgun, and clear out the cash register in just a few minutes. (Id.). During the final robbery on December 11, 2005, Petitioner enlisted the help of a third coconspirator, Keith Turner. (Id.). A law enforcement officer observed Petitioner and his two coconspirators canvassing the Salisbury Dollar General store. Officers later observed Petitioner and Belk fleeing the building wearing ski masks and brandishing firearms. (Id. at 8). Petitioner ran to a waiting car and raced away with Turner. (Id.). Eventually Petitioner and Turner abandoned the car and continued their flight on foot. (Id.). Officers quickly caught up to Petitioner and Turner and placed them under arrest. A custodial search of Petitioner and Turner revealed $1,309 concealed in their pockets. (Id.). A search of the area in which Petitioner and Turner were apprehended revealed bank bags, rolled coins, a victim's purse, and a Smith and Wesson semi-automatic handgun with a round in the chamber and nine rounds in the magazine. (Id.). Following the arrest, Petitioner mailed his ex-fiancé Jameelah Johnson several letters, which contained threats against a federal agent involved in Petitioner's case. (Id. at 9).

In 2007, the Grand Jury for the Western District of North Carolina returned a thirty-three-count indictment against Petitioner and Niles Belk. The Grand Jury charged Petitioner in Count 1 with a Hobbs Act conspiracy, in violation 18 U.S.C. § 1951(a). (Id., Doc. No. 1: Indictment). Count 2 charged Petitioner with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. Counts 5, 9, 13, 17, 20, and 24 charged Petitioner with Hobbs Act robberies, in violation of 18 U.S.C. §§ 1951 and 2. Counts 3, 6, 10, 14, 18, 21, and 25 charged Petitioner with use/carry of a firearm while committing the above robberies, in violation of 18 U.S.C. §§ 924(c) and 2. Counts 4, 7, 11, 15, 19, 22, and 26 charged Petitioner with being a felon-in-possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2. Counts 28, 29, 30, and 33 charged that

2

Petitioner obstructed justice, in violation 18 U.S.C. §§ 1503 and 2. Count 31 charged that Petitioner influenced, impeded, or retaliated against a Federal official, in violation of 18 U.S.C. §§ 115(a)(1)(B) and 2. Count 32 charged Petitioner with mailing threatening communications, in violation of 18 U.S.C. §§ 876 and 2. Following Petitioner's arraignment, the magistrate judge appointed Assistant Federal Defender Peter Adolf to represent Petitioner. (Id., Order dated July 9, 2007).

Before the start of trial, this Court granted the Government's motion to dismiss Counts 4, 7, 8, 11, 12, 15, 16, 19, 22, 23, 26, and 27, all violations of 18 U.S.C. §§ 922(g)(1), 924(e), and 2. (Id., Doc. No. 43). The remaining charges were tried before a jury on December 11-14, 2007. After the close of the evidence, the Court granted the Government's motion to dismiss Counts 28 and 33, violations under 18 U.S.C. §§ 1503 and 2. The jury found Petitioner guilty on all remaining counts except Counts 17 and 18. (Id., Doc. 51: Jury Verdict). The Court sentenced Petitioner to a total of 1,692 months' imprisonment. (Id., Doc. 76: Judgment). Petitioner filed a timely notice of appeal.

On appeal, Petitioner challenged whether the evidence was sufficient to support the jury's verdict. On April 2, 2010, the Fourth Circuit issued an unpublished, per curiam opinion affirming this Court's judgment except as to Petitioner's two obstruction-of-justice convictions, Counts 29 and 30. United States v. Corbett, 374 F. App'x 372 (4th Cir. 2010). Per the Government's concessions of insufficient evidence for Counts 29 and 30, the Fourth Circuit vacated those convictions and remanded for sentencing. On remand, Petitioner's sentence was reduced to 1,671 months' imprisonment. (Criminal Case No. 3:07-cr-144, Doc. No. 114: Amended Judgment). Petitioner filed an untimely appeal, which was dismissed on May 1, 2012. (Id., Doc. No. 124). Petitioner then filed a petition for a writ of certiorari with the Supreme

Court, which petition the Court denied on June 11, 2012. Corbett v. United States, No. 11-10309 (2012). On May 15, 2013, Petitioner filed the instant motion to vacate, in which he alleges three claims for ineffective assistance of counsel. Specifically, Petitioner claims that his defense attorney was ineffective for (1) failing to file a motion to suppress the evidence seized during Petitioner's arrest, (2) failing to challenge venue on Count 1 of the indictment, and (3) failing to object to prosecutorial misconduct in presenting false testimony. On July 25, 2013, Petitioner moved to supplement his motion by adding a claim for relief under the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), issued on June 17, 2013.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable

4

professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

### A. Petitioner's Contention that Defense Counsel Rendered Ineffective Assistance by Failing to Move to Suppress Evidence Seized following Petitioner's Arrest.

Petitioner first contends that he received ineffective assistance of counsel because trial counsel failed to file a motion to suppress the evidence that was seized during Petitioner's arrest on December 11, 2005. This claim is without merit. The Supreme Court has long recognized that, in especially urgent cases, officers must act immediately to preserve evidence and need not delay to obtain a warrant for arrest. Warden v. Hayden, 387 U.S. 294, 298-99 (1967). Here, Petitioner fled the scene of the Salisbury Dollar General robbery, first by car and then on foot. (Criminal Case No. 3:07-cr-144, Doc. 62 at 8). Petitioner's flight gave officers a realistic expectation that any delay in arrest would result in the destruction of evidence. See United States v. Santana, 427 U.S. 38, 42 (1976) (stating that police officers were justified in a warrantless entry of a fleeing suspect's home because officers had a "realistic expectation" that evidence would be destroyed). Law enforcement officers then carried out a lawful arrest under the "hot pursuit" exception to Fourth Amendment. See generally Johnson v. United States, 333

5

U.S. 10 (1948). Because officers carried out a lawful arrest, counsel was not deficient in failing to file a motion to suppress the evidence seized pursuant to the arrest. In sum, this part of Petitioner's ineffective assistance of counsel claim is without merit.

**B. Petitioner's Contention that Counsel Rendered Ineffective Assistance of Counsel by Failing to Challenge Venue.**

Petitioner next contends that defense and appellate counsel rendered ineffective assistance of counsel by failing to challenge venue. Rule 18 of the Federal Rules of Criminal Procedure provides that "the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. Furthermore, 18 U.S.C. § 3237(a) states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Prosecutors charged Petitioner and coconspirator Belk in Count 1 with a Hobbs Act conspiracy for the series of robberies spanning from July 29, 2005, until December 11, 2005. The robberies began in the Western District of North Carolina, and the final robbery took place in Rowan County in the Middle District of North Carolina. The location of this final robbery did not preclude prosecutors from laying venue in the Western District of North Carolina, as the conspiracy began in the Western District.

Furthermore, in a conspiracy charge, venue may be laid in <u>any</u> district where a conspirator performs an overt act in furtherance of the conspiracy. <u>United States v. Smallwood</u>, 293 F. Supp. 2d 631, 637 (E.D. Va. 2003). Petitioner's decision to rob the Salisbury Dollar General was certainly in furtherance of the conspiracy to violate the Hobbs Act, and thus venue was properly laid in the Western District of North Carolina. Petitioner fails to show that trial counsel acted unreasonably in not raising a venue challenge. Also, contrary to Petitioner's

6

assertion that appellate counsel failed to raise the issue, appellate counsel did in fact challenge venue, but the Fourth Circuit held that the right to raise a venue challenge had been waived by failure to do so in the trial court. Corbett, 374 F. App'x at 376. In sum, this part of Petitioner's ineffective assistance of counsel claim is without merit.

**C. Petitioner's Contention that Defense Counsel Rendered Ineffective Assistance by Failing to Object to Prosecutorial Misconduct.**

Petitioner next contends that defense counsel rendered ineffective assistance of counsel because counsel failed to object when the prosecution allegedly knowingly allowed Petitioner's coconspirator Keith Turner to give perjured testimony. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (quoting United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995)). To prevail under this standard, Petitioner must show that "the prosecutor's remarks or conduct were improper and . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id.

Here, the "perjured testimony" to which Petitioner objects is merely Turner's recollection of the procedure by which he entered into a plea agreement. That is, Turner testified that he never appeared before a judge to affirm his plea agreement and that he, instead, signed the document in the presence of his lawyer. Petitioner claims that this recollection is false and asserts that Turner did enter the courtroom to execute his plea agreement. Petitioner fails to show, however, how this portion of Turner's testimony prejudiced Petitioner's right to a fair trial. First, Petitioner offers no documents to show that Turner's testimony was in fact inaccurate. Second, even if Turner was mistaken in his recollection of the procedure for carrying

7

out his plea agreement, Petitioner offers no evidence that the prosecution knowingly presented this false testimony. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004) (holding that a defendant must demonstrate that the prosecution knew testimony to be false in order to prevail on a claim that prosecution knowingly introduced perjured testimony). Finally, any confusion as to how Turner executed his plea agreement is a mere inconsistency that does not rise to the level of knowingly using perjured testimony. United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987) (stating that "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony"). Accordingly, there is no support for Petitioner's claim that he received ineffective counsel because any objection by counsel to prosecutorial misconduct would have failed. In sum, this part of Petitioner's ineffective assistance of counsel claim is without merit.

**D. Petitioner's Motion to Amend in Light of Alleyne.**

Finally, in a motion to amend his motion to vacate, Petitioner claims that he is entitled to relief in light of the Supreme Court's decision in Alleyne v. United States. At the time of Petitioner's sentencing either a judge or jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. See Harris v. United States, 536 U.S. 545 (2002). In Alleyne, the Supreme Court overruled Harris, holding that a judge cannot make this decision unless the defendant waives his right to a jury trial on the issue. Petitioner contends that, in light of Alleyne, he was erroneously subject to a seven-year mandatory minimum sentence under Section 924(c) based on the Court's finding that he brandished a firearm during the robberies. Petitioner claims that each of his Section 924(c) sentences should be vacated in light of Alleyne.

Petitioner's motion to amend will be denied. The amendment of a motion filed under

8

Section 2255 is governed by Rule 15 of the Federal Rules of Civil Procedure.  See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).  Here, Petitioner filed his motion to amend more than one year after his judgment became final.  Thus, Petitioner's motion to amend is untimely under the one-year statute of limitations set forth in Section 2255(f).  An otherwise untimely amendment, however, may relate back to the date of the original Section 2255 motion if the newly asserted claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  FED R. CIV. P. 15(c)(2).  In order for this Court to find that an otherwise untimely claim relates back, the proposed amended claim must arise from the "same core facts," and the claim may not be dependent on events that are separate both in time and in the substance of the facts upon which the original claims depended.  See Mayle v. Felix, 545 U.S. 644, 655-57, 662 (2005) ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.").  Here, Petitioner's proposed amended claim does not arise out of the "same core facts" as asserted in his original petition. That is, Petitioner's claim that, under Alleyne, a jury rather than a judge should have made the finding regarding brandishing of a firearm, is factually unrelated to his other three claims raised in his original motion to vacate—ineffective assistance of counsel based on counsel's failure to file a motion to suppress evidence, failure to challenge venue, and failure to object to prosecutorial misconduct.

Section 2255(f)(3) provides an exception to the one-year statute of limitations for claims based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  A claim based on Alleyne does not qualify under this exception. See Simpson v. United States, 721 F.3d 875 (7th Cir. 2013).  That is, the Supreme Court has not

held that <u>Alleyne</u> is retroactively applicable to cases on collateral review. In sum, Petitioner's motion to amend is untimely.[2]

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Supplement and Amend Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5), is **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 5, 2016

Robert J. Conrad, Jr.
United States District Judge

---

[2] The Government correctly states that even if Petitioner were entitled to relief under <u>Alleyne</u>, his 84-month sentence in Count 3 is the only sentence for which he was subjected to a statutory mandatory minimum sentence based on a fact that was not decided by a jury. Petitioner's consecutive 300-month sentences for each of Counts 6, 10, 14, 21, and 25 were required regardless of whether the firearm was brandished and, therefore, were not triggered by any judge-found facts. <u>See</u> 18 U.S.C. § 924(c)(1)(C)(i).